IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **CENTURY SURETY COMPANY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **MO:24-CV-00074-DC** |
| | § | |
| **RTI SERVICES, LLC, AURELIA** | § | |
| **SILVA, and RILEY J.** | § | |
| **EDMUNDSON,** | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is the Report and Recommendation (R&R) of the U.S. Magistrate Judge[1] of United States Magistrate Judge Ronald C. Griffin concerning Defendant RTI Services, LLC and Defendant Aurelia Silva's 12(b)(1) and 12(b)(6) Motion to Dismiss.[2] In his R&R, Magistrate Judge Griffin recommends that the Court grant the Motion.[3] Century timely filed objections to the report and recommendation.[4]

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Century timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so, the Court overrules Century's objections and adopts in part the report and recommendation.

---

[1] Doc. 19.
[2] Doc. 10
[3] Doc. 19 at 1.
[4] Doc. 20.

## BACKGROUND

This case stems from an underlying state court action[5] where Riley Edmunson seeks damages for past medical expenses exceeding $2 million. These injuries were sustained in an automobile accident with Aurelia Silva, an employee of RTI. At the time of the accident, RTI carried a primary commercial auto insurance policy with Redpoint, with a $1 million policy limit per occurrence. RTI also held a commercial excess liability policy with Century, offering additional coverage of $5,000,000 per occurrence.

The Century policy imposed specific notice requirements on RTI. It was obligated to notify Century "immediately of an 'event', regardless of the amount, which may result in a claim."[6] Additionally, if RTI notified "any 'controlling underlying insurer' of an 'event' involving 'bodily injury'," it was a "precondition of coverage" that RTI "notify [Century] in writing within 14 days of notifying the 'controlling underlying insurer.' "[7] Failure to do so is "deemed to have prejudiced [Century] and voids all coverage of an 'event', claim or suit."[8]

The accident occurred on July 29, 2021, and RTI notified Redstone of the underlying occurrence, one involving "bodily injury," approximately one day later.[9] But RTI did not provide notice to Century until nearly a year later, on July 19, 2022. Century contends that RTI's failure to timely notify constitutes a material breach of the policy such that coverage for the incident is void. Century therefore seeks a declaration that it owes no obligation to

---

[5] *Riley J. Edmundson v. RTI Services, LLC and Aurelia Silva*, Cause No. 22,954, in the 109th Judicial District Court of Andrews County, Texas.
[6] Complaint ¶ 24 (citing agreement § 3(a)).
[7] *Id.*
[8] *Id.*
[9] *Id.* ¶ 33.

pay any party on behalf of RTI and/or Silva for the accident, including Edmundson.[10] RTI argues that Century is owed no such declaration—at least not at this time in the proceedings.

## DISCUSSION

Parties to insurance disputes routinely file declaratory judgment actions to resolve disagreements over the duties to defend and/or indemnify. Under the Declaratory Judgment Act, federal courts may declare the rights and obligations of parties before further relief can be sought.[11] But the duty to defend and the duty to indemnify are distinct obligations, and their differences impact whether a federal court has jurisdiction to resolve a dispute under the Act. For example, while the duty to defend is triggered by simply filing a lawsuit against the insured, the duty to indemnify is not triggered until the insured is held liable to a third party for loss. Thus, in some cases, a dispute over the duty to defend may be justiciable even when a dispute over the duty to indemnify, in the same case, is not.

In a diversity action, courts apply the substantive law of the forum state.[12] Because the policy was delivered in Texas, this Court applies Texas substantive law.[13]

Under Texas law, the duty to defend and the duty to indemnify are separate and distinct.[14] Under Texas law, the duty to indemnify is not justiciable in court prior to a

---

[10] *Id.* ¶ 37.
[11] 28 U.S. Code § 2201(a).
[12] *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 399 (5th Cir. 2008).
[13] *See Thermo Terratech v. GDC Enviro–Solutions, Inc.,* 265 F.3d 329, 334 (5th Cir. 2001).
[14] *Gilbane Bldg. Co. v. Admiral Ins. Co.,* 664 F.3d 589, 601 (5th Cir. 2011).

settlement or judgment.[15] This is because, in many cases, coverage turns on the facts proven in the underlying lawsuit.[16] Only one exception exists.

That exception, established in *Griffin*, allows a court to address the duty to indemnify before liability is determined in the underlying suit "when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*"[17]

But unlike in *Griffin*, here, Century has no duty to defend because it is an excess insurer, and the primary insurer bears the defense obligation.[18] Century's argument that it has no duty to indemnify, however, rests on a different ground: RTI's alleged failure to provide timely notice under the policy. Because the reasons for Century's lack of a duty to defend and its claimed lack of a duty to indemnify are wholly distinct, *Griffin* does not apply. Thus, Century's duty to indemnify is not yet justiciable. *Enbridge* does not change this.

Finally, Century would do well to remember that when it addresses a report and recommendation of the Magistrate Judge, it is still addressing this Court. Further petulant lapses in decorum will be met with a show cause order or sanctions.

Therefore, the Court finds that the R&R properly concluded that this Court lacks jurisdiction to address Century's duty to indemnify at this stage of the litigation. Accordingly,

---

[15] *See Central Surety & Ins. Corp. v. Anderson*, 445 S.W.2d 514 (Tex. 1969) (error for trial court to determine insurer had duty to indemnify insured for potential judgment); *Firemen's Ins. Co. of Newark N.J. v. Burch*, 442 S.W.2d 331 (Tex. 1968) (district court had no power to render advisory opinion on insurer's coverage for possible future judgment); *Weeks Marine, Inc. v. Standard Concrete Prods.*, Inc., 737 F.3d 365, 372 (5th Cir. 2013) (recognizing Texas rule considering justiciability of duty to indemnify prior to resolution of underlying action).
[16] *Farmers Tex. Cnty. Mut. Ins. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997).
[17] *See id.* (emphasis in original).
[18] Response at 5.

the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Ronald C. Griffin[19] is **ADOPTED IN PART**, solely as to its conclusion to dismiss the action for lack of jurisdiction. The Motion[20] is therefore **GRANTED** and the objections[21] **DENIED.**

It is so **ORDERED.**

SIGNED this 24th day of February, 2025.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[19] Doc. 19.

[20] Doc. 10.

[21] Doc. 20.